UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CURTIS RICHARDSON,                ) | C/A No. 4:13-1368-RBH-TER |
|                                   ) | |
|                Petitioner,    ) | |
|                                   ) | |
| vs.                               ) | |
|                                   ) | REPORT AND RECOMMENDATION |
| CECILIA REYNOLDS, WARDEN OF KCI,  ) | |
|                                   ) | |
|                Respondent.   ) | |
| _____ ) | |

Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 4, 2013. An Order was issued on June 12, 2013, authorizing service of process. The Return was due by August 5, 2013. (Doc. #9). On August 5, 2013, Respondent filed a two-page motion for extension of time to file the Answer setting out the reasons Respondent had not been able to respond within the allotted time. (Doc. #17). This motion for extension was granted on August 5, 2013, and Respondent was given until September 4, 2013, to file an Answer. (Doc. # 18). On September 4, 2013, Respondent filed a motion for summary judgment along with a Return, supporting memorandum, and exhibits. (Docs. #28 and #28-1).

On August 13, 2013, Petitioner filed a motion entitled "Motion to Amend Judgment Pursuant to Rule 59 E and Rule 60 and Rule 55 Fed Rules and Rule 52." This motion was docketed as a Motion for Default Judgment because Petitioner argues that "[a]s Respondents failure to answer within 50 days is Default Judgment. . ."(Doc. #22). In his motion, Petitioner contends also that he filed an objection to Respondent's motion for extension which was not considered by the court so

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

that the Motion for Extension should not have been granted and that he is entitled to default judgment and to be released. Respondent filed a response in opposition to the Motion for Default Judgment. (Doc. #27).

In his opposition to Respondent's Motion for Extension of Time to answer, Petitioner asserted that Respondent was not entitled to the extension because Respondent was already in default at the time the Motion for Extension was filed. Petitioner argued that Respondent's answer was due on August 1, 2013, and "the 8/5/2013 motion was not tolled prior to 8/1/2013 and is barred." (Doc. #21). Petitioner's argument is incorrect.

It is recommended that Petitioner's Motion for Default Judgment be denied. First, Default judgments are generally not available in habeas actions. See, e.g., Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir.1987) (noting that "a default judgment is not contemplated in habeas corpus cases"). Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). However, habeas petitioners should not receive a default judgment under normal circumstances. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir.1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); see also Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990) (holding that "[t]he failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir.1970) (finding "Rule 55(a) has no application in habeas corpus cases."); Garland v. Warden, 2008 WL 4834597 (D.S.C.2008) (unpublished).

Moreover, even if a default judgment was available, it would not be appropriate in this case. Respondent was served and the return was due on August 5, 2013. (Doc. #9). Respondent filed a timely motion for an extension of time on August 5, 2013. The Motion for Extension of Time was granted on August 5, 2013, giving Respondent until September 4, 2013, to file a Return. (Doc. #15). Respondent filed a timely Return, Memorandum, and Motion for Summary Judgment on September 4, 2013. (Docs. #29). Accordingly, it is recommended that Plaintiff's Motion for Default Judgment be denied.[2]

### CONCLUSION

Based on the above reasoning, it is RECOMMENDED that Plaintiff's Motion for Default Judgment (doc. #22) be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 23, 2013
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[2] Pursuant to the Roseboro Order of September 5, 2013, Petitioner has until October 10, 2013, to file a response to the motion for summary judgment or his case may be dismissed for failure to prosecute pursuant to Rule 41b of the Federal Rules of Civil Procedure.