IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis Richardson, | ) | Civil Action No.: 4:13-cv-01368-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cecilia Reynolds, Warden of KCI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Curtis Richardson, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Petitioner filed a "Motion to Amend Judgment Pursuant to Rule 59 E and Rule 60 and Rule 55 Fed Rules and Rule 52." ECF No. 22. The motion is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate Judge, construing the motion as a motion for a default judgment, recommends denying Petitioner's motion.

## PROCEDURAL HISTORY

Petitioner filed this habeas action in February 2013. ECF No. 1. In a June 12, 2013 order authorizing service, the Magistrate Judge ordered Respondent to file her return within fifty days. ECF No. 9. On August 5, 2013, Respondent moved for an extension until September 4, 2013, and the Magistrate Judge granted her motion that day. ECF No. 17. Respondent ultimately appeared and filed a motion for summary judgment, in compliance with the Magistrate Judge's order. ECF No. 28. Petitioner filed his motion for a default judgment on August 9, 2013. ECF No. 22. He

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

contended that Respondent was in default due to her failure to file a return by August 1, 2013. Respondent responded to the motion on August 30, 2013. ECF No. 27. The Magistrate Judge issued an R&R on September 23, 2013, R&R, ECF No. 33, and Petitioner filed timely objections to the recommendation, ECF No 36.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends denying Petitioner's petition because default judgment is generally unavailable in habeas actions and because Respondent is in fact not in default, as "the

return was due on August 5, 2013"—when Respondent's motion for an extension was granted. In his objections, Petitioner appears to dispute the initial due date for Respondent's return, arguing the deadline was on August 1, 2013. All of his objections stem from this ground—a conclusion he reached after Petitioner counted fifty days from the Magistrate Judge's June 12 order. After a review of the record, however, the Court finds Petitioner's objections to be without merit. Specifically, Rule 6(d) of the Federal Rules of Civil Procedure adds three days onto the fifty-day deadline ordered by the Magistrate Judge. Because that made the deadline a Sunday (August 4), the next Monday (August 5) was the deadline. *See* Fed. R. Civ. P. 6(a)(1). It was on August 5 when, on Respondent's motion, the Magistrate Judge extended the deadline.[2] Accordingly, the Magistrate Judge's recommendation is proper, and Petitioner's objections are overruled.[3]

### CONCLUSION

The Court has thoroughly analyzed the entire record, including the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Petitioner's motion for default judgment (ECF No. 22) is **DENIED**.

---

[2] As reflected in the ECF docket entry accompanying the Magistrate Judge's June 12 order, August 5 was also the deadline calculated by the Clerk of Court as the deadline for Respondent to file her return and memorandum.

[3] The Court notes that Petitioner did not object to the Magistrate Judge's first basis to deny his motion. As that basis assumes (for the sake of argument) Respondent to be in default, the Court need not reach the conclusion because Respondent never was.

3

**IT IS SO ORDERED.**

                                                              s/ R. Bryan Harwell
                                                              R. Bryan Harwell
                                                              United States District Judge

December 5, 2013
Florence, South Carolina