UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CURTIS RICHARDSON, | ) | C/A No. 4:13-1368-RBH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| CECILIA REYNOLDS, WARDEN OF KCI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on May 22, 2013. On September 4, 2013, Respondent filed a motion for summary judgment along with a Return, supporting memorandum, and exhibits. (Docs. #28 and #28-1). On November 26, 2013, Petitioner filed a notice of change of address. (Doc. #41). This court issued an order on May 15, 2014, instructing the parties to inform the court of the status of Petitioner's custody and, if released, their position on how it affects this action, if at all. Petitioner filed a motion for extension of time to respond to the court's order which was granted giving Petitioner until May 27, 2014, to file a response. Petitioner did not file a response. On May 19, 2014, Respondent filed a motion to dismiss along with an affidavit. (Doc. #50). The undersigned issued an order filed May 21, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. (Doc. #55). Petitioner filed a response in opposition on May 29, 2014.

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

**DISCUSSION**

At the time of the filing of the petition, Petitioner was confined by the South Carolina Department of Corrections serving a five-year sentence for possession with intent to distribute marijuana. Petitioner alleged that the SCDC and the South Carolina Department of Probation, Parole and Pardon Services (SCPPPS) incorrectly changed/classified his sentence as violent and not parol eligible and that he was not properly indicted. Petitioner requested that he be released from prison or released on furlough as of June 1, 2013. (Petition). On November 5, 2013, Petitioner filed a notice of change of address to a non-prison address. (Doc. #45).

In the motion to dismiss, Respondent asserts that the petition should be dismissed as moot as Petitioner was released from the SCDC on November 27, 2013, due to the expiration of his sentence. Respondent submitted the affidavit of Michael J. Stobbe (Stobbe) who is employed by the SCDC serving as the Branch Chief, Release & Records Management Inmate Records Office. (Doc. # 50-1). Stobbe attests that as part of his duties in his position as Branch Chief, he assists in supervising sentence calculation and records management for SCDC. Stobbes avers that Curtis Dale Richardson was released from SCDC custody on November 27, 2013, due to the expiration of his sentence. Id. Petitioner did not have any term of probation following his incarcerative sentence, and as a result, his release from SCDC marked the completion of Petitioner's service of his sentence. Id.

In his response in opposition, Petitioner argues that he wants a ruling on the merits so that he will have the right to "sue in this court or state court for damages. See Heck vs. Humphry[sic] 512, US 477 (1994)." (Doc. # 59).

It is recommended that this petition be dismissed as moot in that Petitioner has been released from custody with his sentence satisfied. When a petition is unconditionally released after a habeas

action is filed but before the proceedings are complete, the court must determine whether the case is rendered moot. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998). Where a petitioner attacks his sentence only and not the validity of his conviction, expiration of the sentence moots the case. See Lane v. Williams, 455 U.S. 624, 631 (1982). The person need not necessarily be in prison to meet the "in custody" requirement. If he is subject to any "restraints on a man's liberty, restraints not shared by the public generally," he is considered to be "in custody". Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). When a petitioner is unconditionally released from confinement, the court must determine whether or not his petition is moot. The prisoner maintains a viable action if he is subject to "collateral consequences" or where situation is "capable of repetition yet evading review." Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) and Broughton v. North Carolina, 717 F.2d 147 (4th Cir.1983). Since Petitioner has been released from custody and his sentence has been satisfied, this case should be deemed moot.

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that Respondent's motion to dismiss (doc. #50) be granted and the petition dismissed as MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 30, 2014
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**